**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Hugo Alberto ARVIZU–GARCIA,**
**Defendant–Appellant.**

No. 04–40868.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 17, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, Paul G. Hajjar, Federal Public Defender's Office Southern District of Texas, Brownsville, TX, for Defendant–Appellant.

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the conviction and sentence of Hugo Alberto Arvizu–Garcia (Arvizu) for illegal reentry. *United States v. Arvizu–Garcia,* 115 Fed.Appx. 723 (5th Cir.2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Arvizu challenges the constitutionality of 8 U.S.C. § 1326(b)(1) and (2) and, additionally, the district court's application of the mandatory Sentencing Guidelines.

Arvizu's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Arvizu contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Arvizu properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Arvizu's claim that the district court erred in sentencing him pursuant to the mandatory Sentencing Guidelines is barred by his valid appeal waiver. *See United States v. Burns,* 433 F.3d 442, 450–51 (5th Cir.2005); *United States v. Bond,* 414 F.3d 542, 545 (2005).

AFFIRMED IN PART; DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.